JUDGMENT: Judgment affirmed.
ATTORNEYS:
 OPINION
This appeal is taken by Defendant-Appellant Albert Owens from the judgment and sentence entered against him by the Court of Common Pleas of Allen County for one count of burglary.
On March 11, 1999 Owens was indicted for one count of burglary, a felony in the second degree, pursuant to O.R.C.2911.21(A)(1). At arraignment on March 19, 1999 Owens entered a plea of not guilty to the single count indictment. On April 27, 1999 a jury trial was held in the case. Later that day the jury returned a verdict finding Owens guilty as charged in the indictment. The matter immediately proceeded to sentencing and the trial court sentenced Owens to the maximum term of eight years in prison. On appeal from that judgment Appellant makes the following assignments of error:
 1. The trial court erred in sentencing the Appellant to the maximum sentence of eight years for burglary.
 2. The trial court unfairly prejudiced the defendant by permitting the Lima police department witness to testify the he was aware that Appellant was absent without leave from a half-way house that was located in Allen County, Ohio that was run by the Ohio Department of Corrections and that the obtained Appellant's photograph from his parole officer.
Initially Owens claims that the trial court erred when it imposed the maximum sentence possible. The sentencing guidelines and mandates are contained within O.R.C. Chapter 2929. O.R.C.2929.12 sets forth a list of several factors that are to be considered by the trial court during sentencing proceedings. If the offender has not previously served a prison term the court must impose the shortest sentence unless the court establishes on the record that the shortest prison term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." O.R.C. 2929.14(B). The court may impose the maximum sentence when:
 * * * [T]he court imposing a sentence for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section. O.R.C. 2929.14(C)
O.R.C. Chapter 2929 also contains explicit guidelines that must be followed during the sentencing hearing. O.R.C. 2929.19(B) provides:
 (1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report * * *, and any victim impact statement * * *.
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed if any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
The Supreme Court of Ohio recently held in State v. Edmonson (1999), 86 Ohio St.3d 324, that:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." Id. at syllabus.
However, in order to lawfully sentence an individual to a maximum penalty for a single crime the Supreme Court has stated that "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)" by findings that give its reasons. State v. Edmonson (1999), 86 Ohio St.3d 324, 329.
The record reveals that Owens was sentenced to eight years in prison for burglary following a jury verdict of guilty. At the sentencing proceedings the trial court noted the following on the record: that a prison sentence for a burglary conviction was not mandatory, that Owens was on parole from a prior conviction at the time of this crime, that Owens had a previous history of criminal convictions including armed robbery, breaking and entering, burglary, grand theft, escape, and aggravated burglary, that due to these prior convictions a prison term was indeed necessary and that the shortest term was not necessary because it would demean the seriousness of the defendant's conduct and the shortest prison term would not adequately protect the public from future crime by this defendant or others, and that the longest prison term is essential because Owens poses the greatest likelihood of committing future crimes due to the extensive list of prior convictions. The trial court faithfully implemented the requirements of O.R.C. Chapter 2929. In addition, the trial court supported its findings with particular reasons as required. As a result, no error having been shown the Appellant's first assignment of error is overruled.
Owens next asserts that the trial court erred when it permitted the admission at trial of testimony of Lima police detective Don Marik. Specifically, Owens claims that the admission of testimony violated Evid.R.403(A) and Evid.R.404(B). Evid.R.403(A) provides:
 Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
Evid.R.404(B) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
The trial court has broad discretion in determining the admissibility of evidence. Evid.R.104 Any error alleged in the admission of evidence may only be shown by establishing that the trial court abused its discretion. Metaullics Systems Company L.P. v. Molten Metal Equipment Innovations, Inc. (1996),110 Ohio App.3d 367, 674 N.E.2d 418. "The term abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144, 149.
Lima Police Detective, Don Marik testified that he had shown a photographic lineup to an eye-witness. He further testified as to the reasons why he had included Mr. Owens in the lineup. Specifically he testified that he had been informed that Mr. Owens was violating his parole and he fit the description given by the eye-witness. The record reveals that this testimony was not being used to prove the character of the defendant, Owens, in violation of 404(b) but, in fact, was being used to show the officer's motivation for including Owens in the photographic lineup. Moreover, the record fails to show how such evidence could in any way unfairly prejudice Owens. As a result, no abuse of discretion having been shown the Appellant's second assignment of error is overruled and the judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.